708 P.2d 776

**In the Matter of the Appeal In PIMA COUNTY JUVENILE ACTION NO. 74567–1.**

**No. 2 CA–CIV 5338.**

Court of Appeals of Arizona, Division 2, Department A.

July 11, 1985.

Review Denied Oct. 29, 1985.

Frederic J. Dardis, Pima County Public Defender by Margarita B. Bernal, Tucson, for Minor Child.

Stephen D. Neely, Pima Co. Atty. by Paul S. Banales, Tucson, for State of Arizona.

OPINION

FERNANDEZ, Judge.

The minor has appealed from the order of the juvenile court transferring him to superior court for prosecution as an adult. Although the procedural history of this case is somewhat confused, it appears that the minor was charged in separate delinquency petitions with one count of disorderly conduct, one count of robbery, and one count of child molestation, and that the petition to transfer which was filed by the state and granted by the juvenile court pertained to all three charges. Inasmuch as the minor's appeal addresses only the propriety of the order with respect to the molestation charges, however, we limit our review to that portion of the order.

The minor, who was sixteen years old at the time of the alleged offense, is accused of molesting his three-year-old niece. On appeal, the minor contends that 1) the state has abandoned its parens patriae interest in preserving and promoting the welfare of the minor by failing to provide any counseling or rehabilitation prior to transferring the minor to adult court; 2) the juvenile court erred in its finding of probable cause, and 3) the juvenile court erred in finding that the minor was not amenable to treatment.

■ As to the minor's first argument, we find no basis in the record for his conclusions under the facts in this case. The minor had been previously involved with the juvenile system as a result of seven prior referrals. As the minor notes, most of these referrals were for loitering, disorderly conduct, or trespass and were adjusted out following the minor's admission of the offenses. The last three occurred within a two-month period, were far more serious in nature, and showed an increasing pattern of aggressive behavior. The juvenile court was thus required to determine whether, given the nature of this behavior and the minor's remaining time left in the juvenile system, the system could rehabilitate the minor while at the same time protecting the public. Considering the nature of the earlier offenses, it cannot be said that the juvenile court's failure to provide counseling and rehabilitation within the juvenile system at an earlier date constituted an abandonment of its parens patriae duty to the minor. The propriety of its decision not to attempt rehabilitation within the juvenile system at this point will be discussed below.

■ The minor's principal objection to the probable cause determination is his contention that it was based solely on the unsupported testimony of the victim's aunt. The record shows otherwise. The victim was examined after the incident by two physicians, and a detective from the Pima County Sheriff's Department testified to the contents of their reports. These reports, coupled with the testimony of the aunt, who had carefully questioned the victim and had her use dolls to demonstrate what had happened, provided a more-than-sufficient basis from which the juvenile court could make a determination of probable cause. The minor's contentions with respect to the absence of evidence of physical injury are irrelevant to the determination of probable cause.

■ Finally, the minor contends that the court erred in ordering the transfer, apparently on the basis that the court failed to give appropriate consideration to his amenability to treatment within the juvenile system and the lack of prior efforts at counseling or rehabilitation. Rule 14, Rules of Procedure for the Juvenile Court, 17A A.R.S., which governs transfer proceedings, was substantially amended effective March 1, 1984. Prior to the amendments, the court was required to find, inter alia, reasonable grounds to believe that a minor was "not amenable to treatment or rehabilitation as a delinquent child through

available facilities" before it could order a transfer for prosecution as an adult. Under the present rule, following a determination of probable cause, the court is required to determine "whether the public safety or interest would best be served by the transfer of the child for criminal prosecution." In so doing, the court is required to consider a number of factors, including "the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of services and facilities currently available to juvenile court; ..." Rule 14(c)(7), Rules of Procedure for the Juvenile Court, 17A A.R.S. (Supp.Pamph.1984). As Division One of the court has noted in construing the amended rule, "it is clear that community protection is now the guiding principle to be considered in transfer proceedings...." *Appeal in Juvenile Action J–96695*, 146 Ariz. 238, 245, 705 P.2d 478, 485 (1985). Thus, although amenability to treatment within the juvenile system is a factor to be considered, the juvenile court is no longer required to make a finding of nonamenability before it may order the transfer. Indeed, the structure of the rule is not unlike that of A.R.S. § 13–702, which sets forth factors which a sentencing court must consider in determining whether to aggravate or mitigate a presumptive sentence, and as in the case of sentencing it would appear that the juvenile court could determine that the public safety or interest would best be served by the transfer notwithstanding a finding that the minor was amenable to treatment within the juvenile system.

■ In this case, the court's order was based primarily on its findings as to the seriousness of the offense and the aggressive and willful manner in which it was committed, the fact that the offense was committed against a young child and the resulting emotional if not physical injury to her, and the absence of any likelihood of reasonable rehabilitation within the time remaining before the minor's eighteenth birthday. From this, it concluded that the public interest and safety would best be served by transferring the minor for prosecution as an adult. There is ample support

for the court's findings in the record, and we find no abuse of discretion.

Affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.